**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JERRY NEAL PRATER,

        Petitioner,

v.                                    Case No. 3:13-cv-1024-J-32MCR

SEC'Y, FLA. DEP'T OF CORR., et al.,

        Respondents.

_____

    Petitioner initiated this action by filing a Petition (Doc. #1) for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In the Petition, Petitioner states that he asked appellate counsel to raise his two grounds for relief (which pertain to the constitutionality of the statute under which he was convicted in state court) on direct appeal; however, appellate counsel refused to do so. Petition at 5, paragraph 12(b). Petitioner admits that he did not raise his two grounds for relief in state court in a motion for post-conviction relief, a state habeas corpus petition or in any other action. See id. at 6-8.

    Thus, this case will be dismissed without prejudice. In recognition of the nature of comity between the national and state sovereignties in our federal system, this Court should give the state court an opportunity to rule on Petitioner's claims. For this reason, this case will be dismissed without prejudice to give Petitioner the opportunity to attempt to exhaust his state court remedies with respect to his two grounds for relief. See Rose v. Lundy, 455 U.S. 509 (1982); see also 28 U.S.C. § 2254(b)(1)(A).

Accordingly, it is now

**ORDERED**:

1. This case is dismissed without prejudice.

2. The Clerk of the Court shall enter judgment dismissing this case without prejudice and close this case.

3. If Petitioner appeals the dismissal of the case, the Court denies a certificate of appealability.[1]  Because this Court has determined that a certificate of appealability is not warranted, the Clerk of the Court shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida this 13th day of November, 2013.

TIMOTHY J. CORRIGAN
United States District Judge

ps 11/1
c:
Jerry Neal Prater

---

[1] This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, this Court will deny a certificate of appealability.